**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| **v.** | ) | **CRIMINAL NO. 08-0138-WS** |
| | ) | |
| **JAMAL RASHEED PARKER,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**ORDER**

This matter is before the Court on the defendant's motion to reduce sentence. (Doc. 35). The defendant seeks a reduction in sentence under 18 U.S.C. § 3582(c)(2) based on Amendments 484 and 741 to the Sentencing Guidelines.

In order to trigger possible relief under Section 3582(c)(2), a defendant must have "been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission," and even then a reduced sentence is possible only "if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2).

As the defendant correctly notes, (Doc. 35 at 2), Amendment 484 was effective November 1, 1993. The defendant was not even indicted until April 2008, and he was sentenced in June 2009. (Docs. 1, 30). The defendant's sentencing range thus was not lowered by Amendment 484 "subsequent" to his sentencing but long, long before. Relief under Amendment 484 is therefore foreclosed by statute.[1]

---

[1] The defendant invokes Amendment 484 in order to challenge the quantity of crack and powder cocaine for which he was found responsible. Even if Amendment 484 had been enacted after his sentencing his gambit could not succeed, since he pleaded guilty and explicitly admitted his responsibility for approximately 378 grams of crack and 84 grams of powder, (Doc. 18 at 6), the precise amounts on which his sentence was based.

Unlike Amendment 484, Amendment 741 was enacted subsequent to the defendant's sentencing.  However, a reduction of sentence based on a post-sentencing amendment is permitted by statute only to the extent "consistent with applicable policy statements issued by the Sentencing Commission."  The Commission's policy statement precludes relief under Section 3582(c)(2) unless the amendment in question is explicitly listed by the Commission as an amendment allowing post-sentencing relief.  U.S.S.G. § 1B1.10(a).  Amendment 741 is not included in that listing.  *Id*. § 1B1.10(c).[2]  Relief under Amendment 741 is therefore likewise foreclosed by statute.

For the reasons set forth above, the defendant's motion to reduce sentence is **denied**.

DONE and ORDERED this 24th day of January, 2012.

s/ WILLIAM H. STEELE
CHIEF UNITED STATES DISTRICT JUDGE

---

[2] The defendant has so admitted in a previous filing.  (Doc. 33 at 1).